# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| RICHARD HOLBROOK, Individually and on Behalf of All Others Similarly Situated, <br><br> v. <br><br> FELIX ENERGY HOLDINGS II, LLC. | Civil Action No. 7:20-cv-00180 <br><br> COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Richard Holbrook brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Felix Energy Holdings II, LLC. ("Felix").

2. Holbrook and the other workers like him were regularly worked for Felix in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Felix paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the events giving rise to the claims occurred in this district and division. Specifically, Holbrook worked for Felix in and around Midland County.

## THE PARTIES

7. Holbrook worked exclusively for Felix as a Drilling Consultant from approximately July 2018 until June 2019. Throughout his employment with Felix, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Holbrook brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Felix's day-rate system. Felix paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former Drilling Consultants or Company Men employed by, or working on behalf of, Felix Energy Holdings II, LLC during the past three years who were classified as independent contractors and paid a day-rate.** (the "Putative Class Members").

9. Felix Energy Holdings II, LLC is a Colorado corporation and may be served with process through its registered agent, Cogency Global, Inc. at 1601 Elm Street, Suite 4360, Dallas Texas 75201.

## COVERAGE UNDER THE FLSA

10. For at least the past three years, Felix has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Felix has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. For at least the past three years, Felix has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Holbrook and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Felix treated Holbrook (and indeed all its Drilling Consultants and Company Men that it classified as independent contractors) as employees and uniformly dictated the pay practices to which Holbrook and its other employees (including its so-called "independent contractors") were subjected.

15. Felix's misclassification of Holbrook as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

16. Felix Energy Holdings II, LLC is an oil and natural gas exploration and production company operating worldwide and throughout the United States. Felix Energy Holdings II, LLC is organized under the laws of Colorado and performing work throughout Colorado, New Mexico, and Texas.[1]

17. To complete its business objectives, Felix Energy Holdings II, LLC hires "company man" personnel to perform the necessary work.

18. During the relevant time period Felix Energy Holdings II, LLC hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to the Drilling Consultants and Company Men that performed work for them.

---

[1] http://www.felix-energy.com/about-us/history

19. Many of these individuals who worked for Felix as Drilling Consultants and Company Men were paid on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Felix classified all its Drilling Consultants and Company Men as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

20. For example, Holbrook worked exclusively for Felix from approximately July 2018 until July 2019 as a Drilling Consultant. Throughout his employment with Felix, he was classified as an independent contractor and paid on a day-rate basis.

21. As a Drilling Consultant, Holbrook's primary job duties (and the job duties of all other Drilling Consultants and Company Men employed by Felix who were classified as independent contractors and paid a day-rate) included ensuring that the craft work was competed according to Felix's specifications, running cement lines, and overall making sure that the drilling process is proceeding within Felix's well plan, as needed. Holbrook worked well in excess of 40 hours each week while employed by Felix.

22. The work Holbrook performed was an essential party of Felix's core business.

23. During Holbrook's employment with Felix while he was classified as an independent contractor, Felix exercised control over all aspects of his job. Felix did not require any substantial investment by Holbrook for him to perform the work required of him.

24. Holbrook was not required to possess any unique or specialized skillset (other than that maintained by all other Drilling Consultants and Company Men) to perform his job duties.

25. Felix paid Holbrook through a staffing company to the corporation he was instructed to set up.

26. Felix determined Holbrook's opportunity for profit and loss.

27. Felix controlled all the significant or meaningful aspects of the job duties performed by Holbrook.

28. Felix ordered the hours and locations Holbrook worked, tools used, and rates of pay received.

29. Felix controlled all aspects of Holbrook's job activities by enforcing mandatory compliance with Felix's policies and procedures.

30. No real investment was required of Holbrook to perform his job. Holbrook utilized equipment provided by Felix to perform his job duties.

31. Holbrook did not provide the equipment he worked with on a daily basis.

32. Felix made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Holbrook worked.

33. Holbrook did not incur operating expenses like rent, payroll and marketing.

34. Holbrook was economically dependent on Felix during his employment.

35. Felix set Holbrook's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Felix.

36. Felix directly determined Holbrook's opportunity for profit and loss. Holbrook's earning opportunity was based on the number of days Felix scheduled him to work.

37. Very little skill, training, or initiative was required of Holbrook to perform his job duties.

38. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Felix.

39. Virtually every job function was pre-determined by Felix, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

40. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

41. The Putative Class Members did not have any supervisory or management duties.

42. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

43. Holbrook performed routine manual and technical labor duties that were largely dictated by Felix.

44. Holbrook was not employed by Felix on a project-by-project basis.

45. In fact, while Holbrook was classified as an independent contractor, he was regularly on call for Felix and was expected to drop everything and work whenever needed.

46. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for weeks at a time. Instead of paying them overtime, Felix paid the Putative Class Members a day-rate. Felix denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

47. Felix's policy of failing to pay its independent contractors, including Holbrook, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

48. It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

49. Because Holbrook (and Felix's other independent contractors) was misclassified as an independent contractor by Felix, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

50. Felix's day-rate system violates the FLSA because Holbrook and the other Drilling Consultants and Company Men did not receive any pay for hours worked over 40 hours each week.

### FLSA Violations

51. As set forth herein, Felix has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

52. Felix knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Felix's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

53. Accordingly, Holbrook and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### Collective Action Allegations

54. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Holbrook and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

55. From his observations and discussions with these employees, Holbrook is aware that the illegal practices or policies of Felix have been imposed on the Putative Class Members.

56. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Felix's unlawful compensation practices and are similarly situated to Holbrook in terms of relevant job duties, pay provisions, and employment practices.

57. Felix's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Holbrook's experiences are typical of the experiences of the Putative Class Members.

58. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

59. Holbrook demands a trial by jury.

## RELIEF SOUGHT

60. WHEREFORE, Holbrook prays for judgment against Felix as follows:

    (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

    (b) For an order pursuant to section 16(b) of the FLSA finding Felix liable for unpaid back wages, and an equal amount of liquidated damages, due to Holbrook and the class members;

    (c) For an order awarding Holbrook and the class members the costs of this action;

(d)      For an order awarding Holbrook and the class members their attorneys' fees;

(e)      For an order awarding Holbrook and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

(f)      For an order awarding Holbrook and the class members pre- and post-judgment interest at the highest rates allowed by law; and

(g)      For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**